108 F.3d 1395
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONSOLIDATED EDISON COMPANY OF NEW YORK, Long Island
Lighting Company, Orange and Rockland Utilities, Inc.,
Southern California Edison Company, Pacific Gas and Electric
Company, San Diego Gas and Electric Company, International
Paper Company, Federal Paper Board Company, Inc., Champion
International Corporation, and Weyerhauser Company
Plaintiffs-Appellants,
v.
Hazel R. O'LEARY, Secretary of Energy, and George B.
Breznay, Director, Office of Hearings and Appeals,
Department of Energy and Thomas L. Wieker, Deputy Director,
Office of Hearings and Appeals, Department of Energy
Defendants-Appellees.
 No. 96-1378.
 United States Court of Appeals, Federal Circuit.
 March 20, 1997.
Rehearing Denied April 11, 1997.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Appellants appeal from an April 30, 1996 order of the United States District Court for the District of Columbia, Civ. No. 95-1228, granting appellees' motion for summary judgment. Because we agree with the district court that appellants' claim is barred by the doctrine of sovereign immunity, we affirm.
 
 BACKGROUND
 
 2
 Appellants are a group of large crude oil consumers entitled to a Supplemental Distribution from the Department of Energy ("DOE") under DOE's Subpart V procedures. See 10 C.F.R. Part 205. Under this program, DOE distributes a portion of the funds it receives from settlements of crude oil overcharges to crude oil purchasers. Appellants have already received approximately $47.4 million of these funds and stand to receive the same amount again from the Supplemental Distribution. There are approximately 87,000 qualifying applicants who stand to receive something under the Supplemental Distribution.
 
 
 3
 Each of the appellants is represented by a common attorney, Mr. Philip P. Kalodner. Mr. Kalodner has been actively involved in the Subpart V proceedings including filing several lawsuits against DOE, all of which ultimately seek more money for his clients from the fund administered by DOE. The gravamen of appellants present complaint is that DOE delayed paying appellants their Supplemental Distributions some two to four months in retaliation for Mr. Kalodner's active enforcement of his clients' rights. Because of this delay, interest that would have inured to the sole benefit of appellants, is effectively distributed to all 87,000 claimants. Appellants alleged in their complaint that there was no "rational basis" for DOE's actions and therefore sought the interest that accrued during the period of delay, which according to the appellants totals some $425,000.
 
 
 4
 Before the district court the defendants-appellees moved for summary judgment on the ground that plaintiffs-appellants' claim is precluded by the doctrine of sovereign immunity. Relying on Supreme Court and Temporary Emergency Court of Appeals precedent, the district court granted the motion and dismissed the complaint. This appeal followed.
 
 DISCUSSION
 
 5
 We have adopted the Temporary Emergency Court of Appeals precedent as our own. Texas American Oil Corp. v. Department of Energy, 44 F.3d 1557, 1561 (Fed.Cir.1995). In VGS Corp. v. Department of Energy, 808 F.2d 842, 845 (Temp.Emer.Ct.App.1986), it was held that the doctrine of sovereign immunity precludes an award of prejudgment interest against DOE.
 
 
 6
 Appellants argue that sovereign immunity does not apply when the money sought would otherwise not have inured to the benefit of the government anyway. Appellants make the same argument as did the plaintiffs in VGS. Id. at 846 ("It is argued that sovereign immunity does not apply in this case because the government has never claimed a right to the money."). The VGS court held that even under those circumstances Supreme Court precedent offered the shield of sovereign immunity. Id. at 846 (citing United States v. N.Y. Rayon Importing Co., Inc. (# 2), 329 U.S. 654 (1947)).
 
 
 7
 The VGS court also considered and rejected appellants' alternative argument that Section 209 of the Economic Stabilization Act, 12 U.S.C. § 1904 note, waived sovereign immunity. VGS, 808 F.2d at 846.
 
 CONCLUSION
 
 8
 Appellants' claim is for the payment of prejudgment interest. Sovereign immunity bars recovery of prejudgment interest except when there has been an express waiver. Appellants can point to no such waiver. Accordingly, their complaint was properly dismissed.